UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| ROSE MEYER | * | CIVIL ACTION NO. 12-0043 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| FRED M. BAYLES, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a notice of intent to dismiss for lack of subject matter jurisdiction.  *See* April 2, 2012, Order [doc. # 9]. For reasons stated below, it is recommended that this matter be DISMISSED, without prejudice, for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

Background

On January 12, 2012, Plaintiff filed the instant diversity suit, 28 U.S.C. § 1332, against Joanne Caldwell Bayles, Fred M. Bayles, Susan Swinea, and Arbor Terrace of Louisiana, Inc. Doc. # 1.  The suit alleges that the first three defendants created Arbor Terrace of Louisiana, Inc., a non-profit corporation, as a shell in order to avoid a prior judgment rendered by this court.  *Id.*

On April 2, 2012, having observed that the complaint failed to properly allege the principal place of business of defendant Arbor Terrace of Louisiana, Inc., the undersigned granted Plaintiff leave to amend and correct the deficient jurisdictional allegations.  Doc. # 9. The undersigned cautioned that if Plaintiff failed to so comply, dismissal would be recommended.  *Id.*  Nevertheless, Plaintiff did not amend the complaint in the allowed time

period.  The matter is now before the court.

## Law and Analysis

I.     **Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Insurance Company*, 243 F.3d 912, 916 (5th Cir. 2001), *cert. denied*, 534 U.S. 993 (2001).

Furthermore, courts have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The court may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *see also Brainerd v. Sawyer* 54 Fed. App'x 406, at *1 (5th Cir. 2002).  Fed R. Civ. P. 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (citation omitted).

For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of both the state in which it is incorporated and of the state where its principal place of business is located. 28 U.S.C. s 1332(c); *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir. 1982). Thus, in order to establish diversity jurisdiction over a corporation, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation." *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).  "These rules are straightforward, and the law demands strict adherence to them."

*Nadler v. American Motors Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985).

On April 2, 2012, Plaintiff was ordered to amend her complaint to affirmatively allege the principal place of business of defendant Arbor Terrace of Louisiana, Inc.  Doc. # 9.  Plaintiff having failed to do so, the undersigned is constrained to find that Plaintiff has not satisfied her burden to establish federal subject matter jurisdiction via diversity.  *Howery*, *supra*; 28 U.S.C. § 1332.  Under these circumstances, where a party has been permitted an opportunity to amend its pleadings to allege the basis for diversity jurisdiction and still fails to do so, dismissal is warranted.  *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991) ("Failure adequately to allege the basis for diversity jurisdiction mandates dismissal."); Fed. R. Civ. P. 12(h)(3).[1]

Accordingly,

**IT IS RECOMMENDED** that the instant complaint be **DISMISSED, without prejudice**.  Fed. R. Civ. P. 12(h)(3).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

---

[1] The potential hardship imposed by this dismissal is ameliorated by the court's appreciation that Plaintiff may re-file this matter in state court during the delays associated with this report and recommendation.  Such a filing may help to ensure that the state court suit is not plagued by exceptions of prescription.  *See* La. Civ. Code Art. 3462; *Breaux v. Vicknair*, 507 So. 2d 1242 (La. 1987).

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 12th day of April 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE