UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **ROSE MEYER** | * | CIVIL ACTION NO.  12-0043 |
| **VERSUS** | * | JUDGE ROBERT G. JAMES |
| **FRED M. BAYLES, ET AL.** | * | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Before the court is a motion to appoint curator [doc. # 7] filed by plaintiff, Rose Meyer. For reasons set forth below, the motion is **DENIED**.[1]

Plaintiff alleges in her motion that she has been unable to effect service of process on defendants Fred Bayles, Joanne Caldwell Bayles, and Arbor Terrace of Louisiana, Inc.  She claims that she attempted to serve waivers of service at the defendants' registered addresses to no avail.  Accordingly, she seeks to have the court appoint a curator to represent the defendants and accept service on their behalf in accordance with Louisiana law as incorporated by Federal Rule of Civil Procedure 4(e)(1).[2]  She also seeks to have the court order the United States Marshal's Office to effect this service on the curator.

---

[1] As this matter is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[2] An individual may be served in federal court by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . ." Fed. R. Civ. P. 4(e)(1).

Under Louisiana law,

> A. The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when:
>
> (1) It has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is:
>
> (a) A **nonresident** or **absentee** who has not been served with process, either personally or through an agent for the service of process, and who has not waived objection to jurisdiction.

La. Code Civ. P. Art. 5091 (in pertinent part) (emphasis added).

A nonresident is defined *inter alia* as an individual who is not domiciled in this state or a foreign corporation which is not licensed to do business in this state. La. Code Civ. P. 5251(11). Moreover, an "absentee" is defined *inter alia* as a person "who cannot be found and served after a diligent effort." La. Code Civ. P. Art. 5251(1).[3]

Of the three defendants here, only Joanna Caldwell Bayles and Arbor Terrace of Louisiana, Inc., are domiciled in the State of Louisiana. *See* Amended Complaint, Doc. # 11. Thus, these defendants may only be considered absentees if the plaintiff has shown she has made a "diligent effort" to locate and serve them. *See Abbott v. Pratt*, 144 La. 741, 81 So. 296 (La.

---

[3] The statute explains that,

> "[a]bsentee" means a person who is either a nonresident of this state, or a person who is domiciled in but has departed from this state, and who has not appointed an agent for the service of process in this state in the manner directed by law; or a person whose whereabouts are unknown, or who cannot be found and served after a diligent effort, though he may be domiciled or actually present in the state; or a person who may be dead, though the fact of his death is not known, and if dead his heirs are unknown.

La. Code Civ. P. Art. 5251(1).

1918) (stating that the party asserting the validity of a curator appointment bears the burden of showing that the defendant is absent).

As for Ms. Bayles, however, it appears the plaintiff has not even attempted to serve her at her domicile.  The current Yellow Book for Northeast Louisiana shows a Joanne Caldwell Bayles as having an address of 201 Lakeland Dr., West Monroe, Louisiana, 71291.  *See* Yellow Book, 2011-12, Northeast Louisiana.  Until the plaintiff shows she has attempted service on Ms. Bayles at her residence, she cannot satisfy her burden of proving a "diligent effort" at effecting service.[4]

As for the corporate defendant, plaintiff has similarly failed to meet her burden. Louisiana Code of Civil Procedure Article 1261 provides guidelines for accomplishing service on a domestic or foreign corporation.  The article states that if the plaintiff is unable to serve the registered agent for a corporation, then another option is "personal service on any officer, or director, or on any person named as such in the last report filed with the secretary of state."  *See* La. Code Civ. Pro. Art. 1261(B)(1).  The Louisiana Secretary of State's online database lists Susan Swinea, defendant herein, as an officer for Arbor Terrace of Louisiana, Inc.[5]  Until plaintiff can show she has attempted service on the corporation in this manner, she cannot satisfy her burden.

Finally, plaintiff has not shown that she has attempted to serve defendant Fred Bayles at his residence in Mississippi.  Plaintiff has alleged that Mr. Bayles resides in Pearl, Mississippi, *see* doc. # 1, and the court's records show an address for Mr. Bayles at 440 Cross Park Dr., Apt.

---

[4] Plaintiff has also not adduced evidence showing whether she hired a private investigator, and if so, what efforts were made by the investigator to locate Ms. Bayles.

[5] *See* Corporations Database, available at http://www.sos.la.gov/tabid/819/Default.aspx.

1011, Pearl, Mississippi, 39208.[6] Plaintiff must produce evidence she has attempted to personally serve Mr. Bayles before this court can appoint a curator to accept service on his behalf.

Furthermore, because plaintiff has not made a sufficient effort on her own to serve these defendants, the undersigned will not order the U.S. Marshal's Office to do so at this time. However, since the 120 day deadline for effecting service is fast approaching, the undersigned grants plaintiff a 60 day extension of that deadline.

For the foregoing reasons, the motion to appoint curator [doc. # 7] filed by plaintiff, Rose Meyer, is hereby DENIED. However, plaintiff is granted a 60 day extension of time from the date of this order in which to effect service on the defendants.

IT IS SO ORDERED.

THUS DONE AND SIGNED in Chambers at Monroe, Louisiana, this 11th day of May, 2012.

*[signature]*
KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[6] *See* Acknowledgment of Service, *Meyer v. Arbor and Terrace Senior Center of Ruston, L.L.C.*, No. 08-0268, ECF # 84.