UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| ROSE MEYER | * | CIVIL ACTION NO. 12-0043 |
|---|---|---|
| VERSUS | * | JUDGE ROBERT G. JAMES |
| FRED M. BAYLES, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendant Susan Swinea ("Swinea"). Doc. # 5. The motion is opposed. Doc. # 8. For reasons stated below, it is recommended that the motion to dismiss be GRANTED.

## Background

Rose Meyer ("Plaintiff") obtained a default judgment from this court on September 2, 2010, in the amount of $82,330.00. *See Meyer v. Arbor Terrace Senior Center of Ruston, LLC*, No. 08-0268 (W.D. La. Sept. 2, 2010). The defendant in that action, Arbor Terrace Senior Center of Ruston, LLC ("the LLC"), has yet to satisfy the judgment. On January 12, 2012, Plaintiff filed the instant suit against Joanne Caldwell Bayles, the sole officer of the LLC, Fred M. Bayles, its registered agent, Swinea, and Arbor Terrace of Louisiana, Inc. Doc. # 1. The suit essentially alleges that the defendants created Arbor Terrace of Louisiana, Inc. ("the corporation"), a non-profit corporation, as a shell in order to avoid the judgment against the LLC.

*Id.*  The complaint alleges that during the pendency of the prior litigation, defendants Fred Bayles and Joanne Caldwell Bayles transferred all the assets of the LLC to the newly formed corporation for the recited sum of $100.00, and that the sole purpose of this transfer was to deceive Plaintiff and deprive her of her lawfully acquired judgment.  *Id.*

On February 21, 2012, defendant Swinea filed the instant motion to dismiss for failure to state a claim upon which relief can be granted.  Doc. # 5.  The motion argues that Swinea is not alleged to have been associated with the judgment debtor LLC, and that Plaintiff's claims of fraud have not been pleaded with the required particularity.  Doc. # 5-1.

In her opposition to the motion, Plaintiff contends that the transfer of assets to the corporation constituted fraud, for which the shareholders of the corporation can be held personally liable.  Doc. # 8.  The matter is now before the court.

## Law and Analysis

### I.    12(b)(6) Standard

Federal Rule of Civil Procedure 12(b) permits dismissal where the claimant fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1966 (2007) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, 234)).  In evaluating a motion to dismiss, "the District Court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff.  *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278 (5th Cir. 1993) (citation omitted).  The factual allegations need not be detailed, but they must be more

than labels, conclusions, or a recitation of the elements of the claim. *Twombly, supra*.

Moreover,

> the '[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)' and the non-moving party must plead 'enough facts to state a claim to relief that is plausible on its face.' This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements.

*In re Southern Scrap Material Co., LLC*, 541 F.3d 584 (5th Cir. 2008) (internal citation omitted), *cert. denied*, *Southern Scrap Material Co., L.L.C. v. United States*, 129 S. Ct. 1669 (2009).

Courts are compelled to dismiss claims based upon invalid legal theories even though they might otherwise be well-pleaded. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827 (1989). However, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 F. App'x 710, 713 (5th Cir. 2008) (citations and internal quotation marks omitted). Furthermore, the complaint need not "correctly specify the legal theory" giving rise to the claim for relief. *Id*.

When fraud is alleged, Federal Rule of Civil Procedure 9(b) imposes a greater standard. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *Id.* "What constitutes 'particularity' will necessarily differ with the facts of each case." *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quoting *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992)). The difference from case to case stems from the fact that fraud may arise by statements, actions or omissions, and the allegations required with respect to each of those varieties of fraudulent conduct are different. But, no matter the circumstances, the essence of Rule 9(b) is a requirement

that the "who, what, when, where and how" of the alleged fraud be laid out. *Benchmark Electronics, Inc.*, 343 F.3d at 724.

## II. Plaintiff's Claim

The defendants have pointed out that Plaintiff's claim resembles a revocatory action. Under Louisiana law, an obligee such as Plaintiff has a right to annul an act of his obligor if the act was made or effected after the right of the obligee arose and that causes or increases the obligor's insolvency. La. Civ. Code Art. 2036; *see also Parish National Bank v. Wilks*, 923 So. 2d 8, 15 (La. App. 1st Cir. 2005). Thus, in order to succeed in a revocatory action, an obligee must show: (1) an act (or failure to act) of the obligor that causes or increases the obligor's insolvency[1]; and (2) the act must occur after the obligee's rights arose. *Wilks*, 923 So. 2d at 15. Louisiana jurisprudence also requires that the obligee prove prejudice, injury, or damage to the obligee as a result of the act. *Id.*; *see also Premier Bank, National Assoc. v. Stout*, 627 So.2d 188, 191 (La. App. 3rd Cir. 1993);

In her complaint, Plaintiff has alleged that during the course of a prior litigation in this court, the individual defendants herein created the corporation as a shell in order to avoid paying a judgment eventually rendered in the prior case. Doc. # 1, ¶ 10. She further claims that during the pendency of the prior litigation, defendants Fred Bayles and Joanne Caldwell Bayles transferred all assets of the LLC to the newly formed corporation for the recited sum of $100.00. *Id.* ¶ 11. She claims that this transfer left the LLC with no assets to cover the potential liability from the continuing litigation. *See id.* ¶¶ 12, 18.

Accordingly, Plaintiff has alleged facts which, if proven, would show that the LLC

---

[1] According to La. Civ. Code Art. 2037, "[a]n obligor is insolvent when the total of his liabilities exceeds the total of his fairly appraised assets." La. Civ. Code Art. 2037.

committed an act, the transfer of assets, that caused it to be insolvent. She has also alleged facts which would show that this act occurred after the alleged tort which gave rise to the liability of the LLC,[2] and that the act prejudiced her by depriving her of the judgment she eventually obtained. The defendant has argued that the heightened requirements of pleading fraud under Federal Rule 9(b) should apply to Plaintiff's claim. *See* Doc. # 5-1, p. 2. However, fraud is not an element of the revocatory action; the law is clear that the action may challenge an act performed negligently. *See* La. Civ. Code Art. 2306, Comment (a) (noting that the 1984 revision to the article "abandon[ed] the notion of fraud"); *see also Smith v. Williams*, 535 So.2d 959, 961 (La. App. 2 Cir. 1988) (same). Accordingly, the undersigned finds that the general pleading requirements of Rule 8(a) apply, requiring only 'a short and plain statement of the claim' rather than 'particularity.'" *See Hillman Lumber Products, Inc. v. Webster Mfg., Inc.*, No. Civ.A. 06-1204, 2007 WL 1266124, *3 (W.D. La. Apr. 27, 2007) (declining to apply Rule 9's requirements to revocatory action). Plaintiff has satisfied this standard by alleging sufficient facts to state a plausible claim for relief in the form of a revocatory action.

The question here, though, is whether Susan Swinea, who filed the instant motion to dismiss, could be held personally liable in such an action. Under Civil Code Article 2042, the obligee must join both the obligor and any third persons involved in the challenged act. *See* La. Civ. Code Art. 2042. Despite a dearth of case law on the issue, it seems clear that "third persons" include the party whose title is being attacked. *See Trounsteine v. Ware*, 3 So. 122 (La.

---

[2] Under Louisiana jurisprudence, "the creditor-debtor relationship arises immediately upon the commission of the tort." *Babbs v. Fernandez*, 130 So.2d 436, 438 (La. App. 4th Cir. 1961). Thus, "a fraudulent sale made subsequent to judicial demand but prior to judgment may be set aside by the revocatory action." *Id.* (citing *Ventrilla v. Tortorice*, 160 La. 516, 107 So. 390 (La. 1926). As a result, even though it took place before a judgment was obtained, the alleged sale of the property here would qualify as having occurred "after the right of the obligee arose." La. Civ. Code Art. 2036.

1887); *Guice v. Modica*, 337 So.2d 302 (La. App. 2nd Cir. 1976).  Thus, Arbor Terrace of Louisiana, Inc., as transferee in the alleged sale of the LLC's assets, would be a necessary and proper party to the suit.  But Plaintiff has presented no theory of Louisiana law under which Swinea herself could be held individually liable in a revocatory action.  Of course, Plaintiff has not described her claim as a revocatory action, and in fact, the relief she requests is inconsistent with that provided for in such an action.  That is, while the proper remedy in a revocatory action would be the annulment or revocation of the transaction between the debtor LLC and the corporation, Plaintiff seeks to uphold the transaction and make the named defendants liable for the debts of the LLC.  For these reasons, the undersigned cannot find that Plaintiff has stated a viable claim for a revocatory action against defendant Susan Swinea.[3]

The theories of recovery Plaintiff explicitly asserts in her complaint refer to a conspiracy to "defraud creditors" by using the corporation as a shell to avoid the judgment against the LLC. *See* Doc. # 1.  She further claims Swinea was a knowing participant in this conspiracy, and Swinea thus "may not use the corporate entities as shields from personal responsibility."[4]

---

[3] The defendant has also argued that to the extent the complaint asserts a revocatory action, it should be dismissed as having prescribed under Civil Code Art. 2041.  *See* La. Civ. Code Art. 2041 (providing, in part, that the obligee's action "must be brought within one year from the time [the obligee] learned or should have learned of the act [of the obligor]").  However, "a prescription or limitations defense is ordinarily capable of resolution on a Rule 12(b)(6) motion only if the factual basis for the defense appears on the face of the complaint." *Goss v. American Elec. Power*, No. 07-CV-2070, *1 (W.D. La. Apr. 15, 2008) (citing other sources).  In this case, it is not apparent from the face of the complaint when Plaintiff should have been aware of the transfer of assets; thus, this defense may not be properly considered in a 12(b)(6) motion to dismiss.

[4] *See* Doc. # 1, ¶ 15.  Plaintiff spends a great deal of the complaint and her Opposition to the Motion to Dismiss explaining why the "corporate veil" should be pierced to impose personal liability on the officers and shareholders of the corporation.  For example, she claims the defendants, including Swinea, "acted personally, disregarding [both] corporate entities to such an extent that the *LLC* and INC ceased to become distinguishable from themselves and their alter egos, allowing the veil of protection to be pierced . . . ." *Id.* ¶ 20.  Plaintiff is reminded, however, that "a

Despite Plaintiff's somewhat confusing claims, however, defendant Swinea is only associated with the corporation, and not the judgment debtor LLC. Therefore, Swinea would have no need to use either entity as a shield from liability, for the obvious reason that there is no underlying liability from which Swinea would need to shield herself. To the extent Plaintiff is arguing that Swinea used the corporation to effect a fraud on its creditors, the undersigned must reiterate that the corporation has no apparent creditors; it is the LLC that owes the debt to Plaintiff.

Furthermore, any claim of fraudulent conduct by Swinea in this regard would appear to be subject to the restrictions of Rule 9(b), and the complaint falls well short of providing the particularity required by the rule. Most notably, the complaint alleges Swinea's fraudulent intent in a very conclusory manner. It is true that the second sentence of Rule 9(b) "relaxes the particularity requirement for conditions of the mind such as scienter: 'Malice, intent, knowledge, and other conditions of the mind may be alleged generally.' " *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (quoting Fed. R. Civ. P. 9(b)). However, "[a]lthough Rule 9(b) expressly allows scienter to be 'averred generally,' simple allegations that defendants possess fraudulent intent will not satisfy rule 9(b)." *Id.* (citations omitted). "The plaintiffs must allege *specific facts* supporting an inference of fraud." *Id.* (citations omitted) (emphasis in original).

Here, the complaint simply alleges that defendant Swinea "used the LLC and the newly formed INC to systematically divert and hide assets, to improperly allocate profits and losses,

---

claim to pierce the corporate veil is not an independent claim but rather is a means of imposing liability on an underlying claim." *In re The Heritage Organization, L.L.C.*, 454 B.R. 353 (Bkrtcy. N.D. Tex. 2011) (citing *Thomas v. Peacock*, 516 U.S. 349, 354 (1996). Thus, if a complaint attempts only to state a veil-piercing claim, and not an underlying cause of action, it must be dismissed. *See In re CLK Energy Partners, LLC*, No. 09-50616, 2011 WL 1312275, *9-10 (Bkrtcy. W.D. La. Mar. 31, 2011).

and to defraud creditors." *See* Doc. # 1, ¶ 19. As for her fraudulent intent, the complaint states Swinea "[was] fully aware [of] the contingent liability that the LLC faced in its pending litigation," and that she was a "willing and knowing participant[] in the conspiracy to defraud creditors[.]" *Id.* ¶¶ 13, 15. These statements clearly are not sufficient to satisfy Rule 9(b)'s requirement of alleging specific facts supporting an inference of fraud. Accordingly, Plaintiff's claim against defendant Susan Swinea fails to state a claim upon which relief can be granted, and defendant's motion to dismiss should be GRANTED.

## Conclusion

Based on the foregoing discussion, it is recommended that defendant Susan Swinea's motion to dismiss under Rule 12(b)(6) be **GRANTED**, and that Plaintiff's claims be **DISMISSED with prejudice**, unless she amends the complaint to allege a viable claim for relief within the deadline to file objections to this report and recommendation.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 31st day of May, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE