UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ROSE MEYER | CIVIL ACTION NO. 12-0043 |
| VERSUS | JUDGE ROBERT G. JAMES |
| FRED M. BAYLES, ET AL. | MAG. JUDGE KAREN L. HAYES |

### MEMORANDUM ORDER

This action derives from an earlier action filed by Plaintiff Rose Meyer ("Meyer") against The Arbor and Terrace Senior Center of Ruston, LLC, ("The Arbor"), Civil Action No. 08-0268. In that action, Meyer obtained a default judgment against The Arbor on September 2, 2010, [Doc. No. 36, p. 1]; however, The Arbor was insolvent and Meyer was unable to collect on her judgment.

Defendants Fred Bayles ("Bayles") and Joanne Caldwell ("Caldwell") were formerly married and were both associated with The Arbor. [Doc. No. 36-3, p. 1.] Caldwell was the sole officer of The Arbor, while Bayles was its registered agent. [Doc. No. 1, p. 2.] Bayles and Caldwell are also associated with Defendant Arbor Terrace of Louisiana, Inc. ("Arbor Terrace"). Bayles is an officer of Arbor Terrace, and Caldwell is an employee. [Doc. No. 36-3, p. 2.]

Meyer instituted this new action on January 12, 2012, alleging Bayles and Caldwell are liable for the judgment in her favor in the previous action. [Doc. No. 1.] She alleges that Bayles and Caldwell created Arbor Terrace as a shell company to avoid paying the legitimate debt of The Arbor. [Doc. No. 1, p. 2.]

On September 10, 2012, Magistrate Judge Hayes granted Bayles' Motion to Stay the action. [Doc. No. 30.] Bayles instituted Chapter 13 bankruptcy proceedings on August 3, 2012 [Doc. No. 25-2], and any proceedings involving Bayles are subject to the automatic stay provision of 11 U.S.C. § 362. [Doc. No. 30, p. 1.] Magistrate Judge Hayes expressly noted that the stay applies only to Bayles and does not affect the remaining Defendants. [Doc. No. 30, p. 2.]

In spite of the stay, on October 1, 2012, Bayles and Caldwell filed a threadbare Motion for Summary Judgment, in which they apparently argue that the Court should not pierce the corporate veil and hold them personally liable for debts incurred by The Arbor. [Doc. No. 36.]

Instead of filing an opposition to the Motion for Summary Judgment, Meyer filed a "Memorandum in Support of Motion to Dismiss Defendants' Motion for Summary Judgment," [Doc. No. 40] which is procedurally improper. However, in her filing, Meyer correctly notes that a nonmoving party may respond to a motion for summary judgment by filing a motion under Federal Rule of Civil Procedure 56(d). [Doc. No. 40, p. 2.] Thus, the Court, *sua sponte*, construes Meyer's filing as a motion under Rule 56(d).

Rule 56(d) provides that, if a nonmovant shows that "it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d). Rule 56(d) was designed to "safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). For that reason, Rule 56(d) discovery motions are "broadly favored and should be liberally granted." *Id.* However, a request to stay summary judgment under Rule 56(d) must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will

influence the outcome of the pending summary judgment motion." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (quotations omitted).

The essence of Meyer's argument is that Bayles, Caldwell, The Arbor, and Arbor Terrace disregarded corporate formalities to such an extent that The Arbor and Arbor Terrace "ceased to be distinguishable from themselves and their alter egos, [requiring] the veil of protection to be pierced to make each of them individually responsible for the debts of The Arbor . . . ." [Doc. No. 1, p. 4.] In support of the Motion for Summary Judgment, Caldwell submitted a self-serving affidavit stating, "Neither I nor my husband received any money when the property was sold to the non-profit corporation. There has never been any co-mingling of personal and business funds or assets, and the formalities of a limited liability company were observed by [The Arbor] . . . ." [Doc. No. 36-3, p. 2.]

However, Meyer's declaration states that discovery is needed to determine: (a) the financial status of the corporate entities, including the valuation of assets and liabilities; (b) the actual knowledge, intent, and state of mind of the managers and shareholders of the corporate entities; (c) whether the transfer of assets was for adequate value; (d) compliance of notice of disclosure of the transfers for purpose of prescription; (e) compliance with disclosures of transfers for purpose of prescription; and (f) compliance with notice for discharge in bankruptcy. [Doc. No. 40-4.] Meyer's counsel attests that she has had no opportunity to conduct discovery. [Doc. No. 40-2.] Indeed, no Scheduling Order has yet been issued by this Court, and, thus, no discovery deadline has been set.

The Court finds that Meyer has set forth a plausible basis for concluding that discovery in this matter may influence the outcome of Bayles' and Caldwell's Motion for Summary Judgment.

Because discovery motions under Rule 56(d) are "broadly favored and should be liberally granted,"

**IT IS ORDERED** that Meyer's Memorandum in Support of Motion to Dismiss Defendants' Motion for Summary Judgment [Doc. No. 40], construed by the Court as a Rule 56(d) motion, is GRANTED.

**IT IS FURTHER ORDERED** that Caldwell's Motion for Summary Judgment [Doc. No. 36] is DENIED without prejudice at this time, subject to her right to re-urge the motion at the close of discovery.

**IT IS FURTHER ORDERED** that Bayles' Motion for Summary Judgment [Doc. No. 36] is DENIED without prejudice at this time as improperly filed in light of the automatic stay provision of 11 U.S.C. § 362. No motions pertaining to Bayles will be considered during the pendency of the stay.

**IT IS FURTHER ORDERED** that a Scheduling Order issue, setting all deadlines for Myer's claims against Defendants other than Bayles, including discovery deadlines.

**MONROE, LOUISIANA**, this 26th day of October, 2012.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE