UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

ROSE MEYER                                              CIVIL ACTION NO. 12-0043

VERSUS                                                  JUDGE ROBERT G. JAMES

FRED BAYLES, ET AL.                                     MAG. JUDGE KAREN L. HAYES

RULING

Pending before the Court is Defendant Joanne Caldwell Bayles' ("Caldwell") Motion to Dismiss [Doc. No. 45], which this Court converted to a Motion for Summary Judgment [Doc. No. 53] on March 12, 2013.

For the following reasons, the motion for summary judgment is GRANTED, and Plaintiff Rose Meyer's ("Meyer") claims against Caldwell are DISMISSED WITH PREJUDICE.

## I.    FACTS AND PROCEDURAL HISTORY

This suit arises from Meyer's efforts to collect a judgment from a previous action. In the first suit, captioned *Meyer v. The Arbor and Terrace Senior Center of Ruston, LLC*, Civil Action No. 3:08-0268, Meyer sued The Arbor and Terrace Senior Center of Ruston, LLC ("the LLC") for discriminatory termination. The LLC failed to appear in the action, and Meyer obtained a default judgment in the amount of $82,333.00 on September 2, 2010.

Since then, Meyer has been unable to collect her judgment against the LLC. Meyer now brings this action against Defendants Fred M. Bayles ("Bayles"), Susan Swinea, Caldwell, and Arbor Terrace of Louisiana, Inc. ("the INC"). She seeks to hold these Defendants liable for the LLC's debts, alleging that the Defendants created the INC as a shell to avoid paying this judgment. Meyer alleges that Caldwell and Bayles intentionally misused the corporate privilege to protect themselves

and the LLC from liability.  She further alleges that Caldwell and Bayles transferred all assets of the LLC to the INC, knowing that the transfer would deplete the LLC of the assets necessary to cover its debts.

Independent of this litigation, Caldwell filed a Petition for relief with the United States Bankruptcy Court, Western District of Louisiana under Chapter 7 of the Bankruptcy Code on April 28, 2011.  *See In re Caldwell*, Case No. 11-30726 (B.W.D. La. April 5, 2012).  The bankruptcy was a no-asset case and was discharged by Judge Stephen Callaway on April 5, 2012.  Caldwell did not list Meyer as a creditor during her bankruptcy proceedings.

After Meyer filed this action, Caldwell moved to dismiss the Complaint on February 8, 2013. The Court converted the Motion to Dismiss to a motion for summary judgment.  Meyer filed an Opposition to Motion to Dismiss [Doc. No. 47] on February 15, 2013.  Caldwell filed a Reply [Doc. No. 50] on February 22, 2013.  After conversion to a Motion for Summary Judgment, the Court gave the parties an opportunity to supplement their previously submitted materials.  On April 2, 2013, Meyer filed a Supplemental Opposition to Motion to Dismiss [Doc. No. 58].

## II.     LAW AND ANALYSIS

### A.     Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c)(2).  The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact.  *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992).  A fact is "material" if proof of its existence or nonexistence

2

would affect the outcome of the lawsuit under applicable law in the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party.  *Id.*

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact, but does not need to negate the elements of the nonmovants' case.  *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party.  *Id*.  Unless the moving party meets this burden, the court may not grant the unopposed motion, regardless of whether a response was filed.  *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995).

### B.      Meyer's Claims and Caldwell's Bankruptcy Discharge

Caldwell contends that any claim Meyer had against her was discharged by the Bankruptcy Court, even though Caldwell did not list Meyer's claims on her original schedules and has not amended her schedules to include the claims.  Meyer counters that claims incurred through fraud by a fiduciary are not discharged.

In no-asset Chapter 7 cases, pre-petition debts are discharged even if they are not listed in the debtor's original schedules.  *In re Egleston*, 448 F.3d 803, 814 fn. 12 (5th Cir. 2006).  Caldwell's bankruptcy was a no-asset Chapter 7, and any claim that Meyer had against her would have arisen prior to Caldwell filing her bankruptcy petition on April 28, 2011.  Thus, Meyer's claim would normally be discharged.

However, Meyer is also correct in stating that claims arising from fraud committed by a

fiduciary are not discharged. The Bankruptcy Code provides that a discharge does not discharge an

individual debtor from any debt "for fraud or defalcation while acting in a fiduciary capacity,

embezzlement, or larceny." 11 U.S.C. § 523(a)(4). Here, the issues are whether (1) Caldwell was

in a fiduciary relationship with Meyer, and (2) the debt at issue is one "for fraud or defalcation while

acting in a fiduciary capacity."

On the issue of a fiduciary relationship, the Fifth Circuit has noted that, "[u]nder § 523(a)(4),

the term 'fiduciary' is distinct from the concept of a 'fiduciary' under the common law; it is limited

to instances involving express or technical trusts.'" *In re Shcolnik*, 670 F.3d 624,628 (5th

Cir. 2012) (quoting *Matter of Tran*, 151 F.3d 339, 342 (5th Cir. 1998)). However, the Fifth Circuit

has also held that fiduciary relationships created by state law can lead to nondischargeability, such

as in actions where the debtor was an officer of the creditor. *See Matter of Moreno*, 892 F.2d 417,

421 (5th Cir. 1990).

There is no express or technical trust at issue. Nor did state law create a fiduciary

relationship between Caldwell and Meyer. Meyer has argued that Caldwell is an officer of the LLC,

but this position did not create a fiduciary relationship between Caldwell and Meyer. Meyer is

merely an unsecured creditor of the LLC. A fiduciary relationship is not automatically created

between the officers of an LLC and its unsecured creditors. Therefore, no fiduciary relationship

existed between Caldwell and Meyer, and the dischargeability exception under § 523(a)(4) is not

applicable.

Further, even assuming, *arguendo*, that a fiduciary relationship did exist, there is no evidence

that the debt at issue is a debt "for fraud or defalcation while acting in a fiduciary capacity." 11

U.S.C. § 523(a)(4). This exception was "intended to reach those debts incurred through abuses of

4

fiduciary positions and through active misconduct whereby a debtor has deprived others of their property by criminal acts; both classes of conduct involve debts arising from the debtor's acquisition or use of property that is not the debtor's." *Miller v. J.D. Abrams Inc.*, 156 F.3d 598, 602 (5th Cir. 1998) (internal quotations omitted).

Fraud has a specific, but well-defined, meaning.  For a debt to be nondischargeable due to fraud, a creditor must show: "(1) that the debtor made a representation; (2) that the debtor knew the representation was false; (3) that the representation was made with the intent to deceive the creditor; (4) that the creditor actually and justifiably relied on the representation; and (5) that the creditor sustained a loss as a proximate result of its reliance." *In re Cardwell*, 487 Fed. App'x 183, 185 (5th Cir. 2012) (internal quotations omitted).  Defalcation requires only a willful neglect of duty. *In re Shcolnik*, 670 F.3d at 628 (citing *Schwager v. Fallas*, 121 F.3d 177, 182 (5th Cir. 1997)).

There is no evidence that Caldwell made any false representation with the intent to deceive Meyer, that Meyer relied on any representation made by Caldwell, or that she suffered a loss as a result of such reliance.  The debt owed to Meyer arose from the judgment in her discriminatory termination action against the LLC.  Fraud was not a part of the previous litigation, nor is there evidence, or even an allegation, that Caldwell willfully neglected any duty.

Finally, Meyer has offered no evidence that her loss was a proximate result of her reliance on any statement by Caldwell.  Meyer's loss arose when she was terminated by the LLC.  Meyer offers only her unsupported allegation that Caldwell and others transferred assets from the LLC to the INC in an effort to frustrate Meyer's efforts to collect her judgment.  Even if Meyer could support her allegation with evidence, the transfer would be the proximate cause of Meyer's failure to collect

her judgment, not the proximate cause of the loss itself.[1]

      For these reasons, it is clear that the requirements for a nondischargeability exception to 11 U.S.C. § 523(a)(4) have not been met.  The Court finds that the claims that Meyer now asserts against Caldwell were discharged by the Bankruptcy Court on April 5, 2012.

## III.    CONCLUSION

      The Motion to Dismiss filed by Defendant Joanne Caldwell Bayles [Doc. No. 45], converted by the Court to a motion for summary judgment, is GRANTED, and Rose Meyer's claims against Caldwell are DISMISSED WITH PREJUDICE.

      MONROE, LOUISIANA, this 16th day of April, 2013.

**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**

---

[1]The Court notes that Caldwell has offered evidence that Kilpatrick Life Insurance Company and the United States Department of Agriculture, Rural Business Cooperative Service were secured creditors of the LLC's, with a balance of $4,328,268.20 secured with a mortgage on the LLC's property in the amount of $5,500,000.00. *See* Doc. No. 45-3.  There is no evidence that the LLC had assets in excess of $4,328,268.20.  Thus, it appears that the proximate cause of Meyer's inability to collect her judgment is her status as an unsecured creditor behind a secured creditor to whom a significant debt is owed.  Therefore, it is clear that the transfer of assets from the LLC to the INC had no effect on Meyer's ability (or inability) to collect her judgment.  She would have been unlikely to collect even had the transfer never occurred.