UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

ROSE MEYER                                      CIVIL ACTION NO. 12-0043

VERSUS                                          JUDGE ROBERT G. JAMES

FRED BAYLES, ET AL.                             MAG. JUDGE KAREN L. HAYES

RULING

Pending before the Court is Plaintiff Rose Meyer's ("Meyer") Motion for Default Judgment [Doc. No. 63].  For the following reasons, the Motion is DENIED.

I.      FACTS AND PROCEDURAL HISTORY

This suit arises from Meyer's efforts to collect a judgment from a previous action.  In the first suit, captioned *Meyer v. The Arbor and Terrace Senior Center of Ruston, LLC*, Civil Action No. 08-0268, Meyer sued The Arbor and Terrace Senior Center of Ruston, LLC ("the LLC") for discriminatory termination.  The LLC failed to appear in the action, and Meyer obtained a default judgment in the amount of $82,333.00 on September 2, 2010.

Since then, Meyer has been unable to collect her judgment against the LLC.  Meyer now brings this action against Defendants Fred M. Bayles ("Bayles"), Susan Swinea, Joanne Caldwell Bayles ("Caldwell"), and Arbor Terrace of Louisiana, Inc. ("Arbor Terrace").  She seeks to hold Defendants liable for the LLC's debts, alleging that Defendants created Arbor Terrace as a shell to avoid paying her judgment.  Meyer alleges that Caldwell and Bayles transferred all assets of the LLC to Arbor Terrace for nominal consideration, knowing that the transfer would deplete the LLC of the assets necessary to cover its debts.

Defendants Bayles, Swinea, and Caldwell have all appeared in this action.  The claims

against Swinea and Caldwell have been dismissed with prejudice. [Doc. Nos. 21, 61].  The action as to Bayles has been stayed pending a bankruptcy action. [Doc. No. 30].  Arbor Terrace has never appeared.

On October 10, 2012, the Clerk of Court filed a Notice of Entry of Default against Arbor Terrace. [Doc. No. 29].  On April 17, 2013, the Clerk of Court filed a Notice fo Intent to Dismiss Arbor Terrace for Failure to Take Default 60 Days After Service. [Doc. No. 62].  The next day, Meyer filed this Motion for Default Judgment. [Doc. No. 63].

## II.    LAW AND ANALYSIS

### A.    Default Judgment

An entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a).

After 14 days have elapsed since the Clerk's entry of default, a plaintiff may move for default judgment under Rule 55(b).  If the plaintiff's claim is for a "sum certain or a sum that can be made certain by computation," then the Clerk of Court, on the plaintiff's request with a supporting affidavit, must enter judgment for that amount and costs against a defendant who has been defaulted. FED. R. CIV. P. 55(b)(1).  However, when the plaintiff's claim does not involve a sum certain, the plaintiff must "apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2).

While a plaintiff is not entitled to a default judgment as a matter of right, the Court accepts the well-pleaded allegations of fact in the plaintiff's complaint in determining whether default judgment should be entered.  *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (A "defendant, by his default, admits the plaintiff's well pleaded allegations

of fact.").

The Court finds that default was properly entered in this case because Arbor Terrace failed to defend this suit by filing a sufficient answer. *See* FED. R. CIV. P. 55(a). The Court must examine whether a default judgment should be entered.

Although Meyer has not made clear the basis for her claim against Arbor Terrace, Magistrate Judge Hayes has already noted that it resembles a revocatory action. [Doc. No. 15]. Under Louisiana law, an obligee, such as Meyer, has a right to annul an act of her obligor that causes the obligor's insolvency. LA. CIV. CODE. ART. 2036; *see also Traina v. Whitney Nat'l Bank*, 109 F.3d 244, 247-48 (5th Cir. 1997). To succeed in a revocatory action, an obligee "must prove that the offending transaction: (1) was made or effected after the right of the obligee arose and (2) caused or increased the obligor's insolvency." *In re Home Inspectors, Inc.*, 348 B.R. 354, 361 (Bankr. E.D. La. 2005) (citing *Traina*, 109 F.3d at 247). Additionally, the obligee must prove prejudice, injury, or damage as a result of the act. *Parish Nat'l Bank v. Wilks,* 2004-1439 (La.App. 1 Cir. 8/3/05); 923 So.2d 8, 15. However, "[i]f preferred claims against the property exceed its value, the donation should not be revoked because it does not injure or prejudice an unsecured creditor." *Id.*

Here, Meyer has offered evidence that her right arose before the LLC transferred its property to Arbor Terrace. She filed her complaint against the LLC in the original action on February 26, 2008, and the wrongful conduct alleged in that Complaint occurred on or about April 25, 2005. Bayles and Caldwell executed the agreement transferring the LLC's assets to Arbor Terrace on December 29, 2009. [Doc. No. 63-2]. Thus, the contested transaction occurred after Meyer's right arose.

Next, Meyer alleges that the transfer left the LLC with no assets to cover the liability

resulting from her judgment.  The transfer documents show that the LLC's property was transferred to Arbor Terrace for a consideration of $100.00.  These facts and Meyer's allegations accepted as true show that the transfer caused or increased the LLC's insolvency.

However, Meyer has failed to carry her burden of proving that she suffered prejudice, injury, or damage.  The transfer documents also show that Kilpatrick Life Insurance Company ("Kilpatrick") has a preferred claim against the property in the amount of $5,500,000.00.  There is no evidence that Arbor Terrace's property is worth an amount in excess of $5,500,000.00.  Meyer's judgment against the LLC would be secondary to Kilpatrick's preferred claim.  Thus, Meyer has not shown that she had any possibility of collecting her judgment, even if the transfer had not occurred, and, therefore, she cannot prevail on her claim for revocatory action.

## III.    REMAINING CLAIMS

In light of the foregoing, it appears that Meyer cannot prevail against Arbor Terrace or Bayles.  The same rationale that defeats Meyer's revocatory claim against Arbor Terrace applies to defeat such a claim against Bayles.  Therefore, the Court gives notice of its intent to *sua sponte* dismiss this case with prejudice.  If any party opposes dismissal of this case, it may file a memorandum within fourteen (14) days of the date of this Ruling and Order.

## IV.    CONCLUSION

Plaintiff Rose Meyer's Motion for Default Judgment [Doc. No. 63] is DENIED.

MONROE, LOUISIANA, this 15th day of May, 2013.

**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**

4